THE MERCHANTS' BANK OF CANADA, Respondent and Appellant, v. DE GRASSE LIVINGSTON, Appellant and Respondent, Impleaded with WILLIAM C. BARRETT.

*Conversion of stock — damages for.*

The defendant Livingston being the owner of certain shares of stock, pledged them with one B. to secure a loan of $3,000. Thereafter B., without authority, pledged the stock to plaintiff, to secure a loan to himself of $9,000. In an action brought by plaintiff to foreclose the pledge to him and to have this stock sold, the Court of Appeals held that the pledge of the stock by B. was void as against the defendant Livingston, and reversed the judgment of the court below, which had been in favor of the plaintiff. Pending the appeal the stock had been sold, in pursuance of a stipulation between the parties, and brought ninety-five per cent; at the time of the second trial it was shown to have been worth 107 per cent.

*Held*, that as the defendant Livingston had consented to the sale, the plaintiff was only chargeable with the amount for which the stock was sold.

APPEAL by both the plaintiff and the defendant from the judgment, rendered herein at Special Term, in favor of the defendant for $9,000.15, the plaintiff claiming that the judgment is for too large a sum, and the defendant claiming that it is for too little.

The defendant Livingston at some time prior to the year 1874 borrowed $3,167.42 from the defendant Barrett, and as collateral security for the payment thereof deposited with Barrett a certificate for fifty shares of stock in the Adams Express Company, which was afterwards exchanged for another certificate for 100 shares, and gave Mr. Barrett the usual power of attorney to transfer the stock.

On January 15, 1875, Mr. Barrett took the certificate of stock to the plaintiff, stated that he wished to borrow $8,000 upon it

for one of his clients who did not wish to sell, and obtained $8,000 at that time upon the pledge of the certificate and power of attorney, and on July 1, 1875, $1,000 more.

This action was brought to foreclose the pledge of this stock, and to have the same sold in satisfaction of the plaintiff's lien.

Judgment was rendered to that effect, affirmed by the General Term, but reversed by the Court of Appeals, upon the ground that the plaintiff knowing that Barrett only claimed to act in behalf of a client, could not acquire any better title than Barrett was actually authorized to give, by way of a pledge.    Upon a new trial before Mr. Justice VAN BRUNT, he followed the ruling of the Court of Appeals, and rendered judgment in favor of the defendant, deducting only the amount which was due from the defendant to Barrett, and for which the stock had been actually pledged to Barrett.

During the pendency of the former appeal, a stipulation was entered into between the parties for the sale of the stock.    This stipulation provided that the sale was to be without prejudice to the rights of either party in any subsequent proceeding in the action.    The stock was accordingly sold at ninety-five dollars per share, and the net amount received by the plaintiff was $9,487.50. This sale took place August 6, 1877, but the defendant proved upon the trial, which took place on November 18, 1878, that the stock had sold at $107 within two days of that time ; and the court awarded judgment in favor of the defendant Livingston for that sum.

*A. A. Redfield*, for the plaintiff, appellant and respondent.

*Henry H. Anderson*, for the defendant, respondent and appellant.

*Per Curiam :*

Both parties have appealed from the judgment of the Special Term.    The plaintiff contends that the judgment in favor of defendant Livingston is for a larger, and the defendant insists that it is for a lesser sum than it should have been.    Under the law as pronounced by the Court of Appeals in this case, and in

accordance with which the case was tried, the court below held that the plaintiff was only entitled to hold the securities to the extent of the right or interest which Barrett had in the same by virtue of his loan to defendant, namely, $3,167.42, with interest thereon from September 15, 1874.

The plaintiff having received the proceeds of the sales of the stock is entitled to retain that amount from such proceeds, but is adjudged to pay the balance thereof to the defendant. The only question in this case is in relation to the amount of the balance of such proceeds. The securities were sold by a broker, pursuant to a stipulation of the parties, in place of a referee as provided in the judgment. Upon such sale the securities brought ninety-five per cent. At the time of the trial they were shown to have been worth 107 per cent. We think the plaintiff should be held to account for the amount for which the securities actually sold. The sum received by plaintiff was at the rate of ninety-five per cent. The defendant consented to and authorized the sale to be made at *the time* they were sold, and consequently at the price that ruled at that time. We can perceive no reason or equity in allowing the defendant any higher price, than that which governed at the time that he consented the sale should be made.

The defendant by authorizing that the sale be made at that time, himself took the risk of the appreciation or depreciation of the securities. The plaintiff's interest was fixed at the amount of the Barrett debt, the defendant's interest fluctuated with the value of the stock. The plaintiff had no interest in such fluctuation so long as the securities would bring the amount of its debt, and ought not to be charged with any greater sum than it actually received at a sale made with the consent of the defendant. If the defendant was not satisfied with that sum, he should have refused to permit the sale to be made at that time. Besides the amount received at the sale, the plaintiff should be charged with any dividends received by it, and with interest at four per cent, pursuant to the stipulation in relation to interest.

The judgment should therefore be modified and reduced by the difference between ninety-five per cent for which the stock was sold and 107 per cent, the value of the same the day of trial.

The plaintiff should recover costs of the appeal brought by the

defendant. Neither party should have costs as against the other in the appeal brought by the plaintiff.

Present — Brady and Potter, JJ.

Judgment modified as directed in opinion.